B. Marion Reed, v. Bank of Mulberry.

149 So. 609.
Division B.
Opinion Filed July 28, 1933.

*W. B. Lindsey,* for Appellant;
*Peterson, Carver & Langston,* for Appellee.

BUFORD, J.—Appellant was defendant in a mortgage foreclosure suit to which he was made a party because he claimed some interest in the lands involved.

The record shows that he claimed some interest growing out of an alleged sale made under execution issued on an alleged judgment which alleged judgment had been recorded in the county where the land is located prior to the execution of the mortgage.

Motion to dismiss the bill of complaint was overruled. Decree *pro confesso* was taken and entered against the defendant. Testimony was taken and submitted and final decree entered in favor of complainant. Reed appealed.

The only question requiring adjudication here is, whether or not the alleged judgment relied on by Reed was such a judgment as would create a lien on the property involved.

The alleged judgment, as shown by the record, is as follows:

"We, the jury, find for the plaintiff G. & H. Motor Car Company, a corporation, and that the plaintiff is entitled to the personal property described in the declaration as follows:

"One No. 7W—121660—39—1920 Auburn Touring Car, of the value of Four Hundred and Seventy-five Dollars ($475.00) the property of the plaintiff.

"And we do further find the value of said property to be ($475.00) and further we do assess the damages of the plaintiff against the defendant for the wrongful detention of the said property in the sum of $25.00. So say we all. Foreman.

"Said F. D. Bryan and F. E. Archer, the sureties on the forthcoming bond of said defendant, the sum of $475.00, same being the value of said property as found by the jury, and also his costs in this behalf expended, herein taxed at

$17.09, for all of which said sums, to-wit: $17.09 costs and $25.00 damages for detention of said property and $475.00 the value of said property, let execution issue."

A mere reading of the alleged judgment will disclose that it is in fact no judgment against any party, or parties, in favor of any party, or parties, and that its entry on the public records, that is, the foreign judgment docket, created no lien of any sort. Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.