292 So.2d 413 (1974)
CONTINENTAL INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
EMPLOYERS' FIRE INSURANCE COMPANY, a Foreign Corporation, and Elmer Riley, Appellees.
No. 73-116.
District Court of Appeal of Florida, Second District.
February 27, 1974.
Rehearing Denied April 25, 1974.
*414 Richard M. Gale, and Ronald P. Ponzoli, and Sherouse & Virgin, Miami, for appellant.
James A. Franklin, Jr., Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
McNULTY, Judge.
Appellant insurance company brought suit for indemnity and contribution stemming from two judgments entered against it in an automobile accident case. Appellees raised the five-year Statute of Limitations which governs this type action.[1] The trial judge entered summary judgment in favor of appellees, holding that the statute had run. We reverse.
The sole question here is whether the statute began to run from the signing of a Minute Book entry on December 12, 1966, in which case the present action is barred, or began to run on November 8, 1967 when the subject judgments were reduced to separate writings, signed and made a matter of record.
Pursuant to the provisions of Rule 1.3, F.A.R., 32 F.S.A. a judgment is "rendered" for purposes of being final when it is reduced to writing, signed and made a matter of record. There is some question in the minds of some whether a signed Minute Book entry, if otherwise sufficient, satisfies this requirement. We need not decide that here because, in any case, even if it does the Minute Book entry herein simply doesn't satisfy the requisites of a "judgment." After the verdicts were recorded in the Minute Book the following *415 entry appears under date of December 12, 1966:
"Court recessed.
Court reopened on its own motion and found and rendered Judgment on the Verdicts.
The Court ordered Plaintiff's Exhibits Nos. 14, 15 and 16 returned to the Plaintiff.
Court recessed.
 /s/ Harold S. Smith
 Circuit Judge"
This entry is substantially the same as that considered by our Supreme Court in Catchings v. Florida-McCracken Concrete Pipe Co.[2] In that case the entry reads:
"The Court having directed a verdict for Defendant herein on December 20th, and said Jury having returned a verdict for Defendant, judgment is hereby rendered herein for the Defendant above named."
The court held:
"This may be regarded as an order that an appropriate judgment for the defendant be duly entered, but it is not such a final judgment as will support a writ of error." (Italics ours.)
A "judgment" for a plaintiff in an action for money damages ought at least recite as the order and judgment of the court the amount in the verdict of the court or jury, and, while perhaps its omission is not fatal, it should further authorize the issuance of an appropriate writ for the recovery thereof. A "judgment" granting relief other than money should clearly order and set forth the relief granted and, again, should authorize the issuance of the necessary process for its enforcement. Finally, a "judgment" for a defendant ought clearly indicate that the plaintiff "take nothing by his suit," or words of like import, that no further judicial action is needed in the case and the defendant be relieved of any further attendance in the matter; that "he go hence without day," as it is said.
None of these requisites appear in the "judgments" herein under scrutiny. In view whereof, therefore, we hold that the Minute Book entry herein did not constitute the final "judgments" from which the Statute of Limitations would have begun to run in this action.
Accordingly, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
MANN, C.J., and BOARDMAN, J., concur.
NOTES
[1] See, F.S. § 95.11(3), F.S.A.
[2] (1931), 101 Fla. 792, 135 So. 561.