335 So.2d 617 (1976)
CHIPOLA NURSERIES, INC., Appellant,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellee.
BUILDERS HOME, INC., et al, Appellants,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. BB-261, BB-262.
District Court of Appeal of Florida, First District.
July 19, 1976.
As Corrected August 3, 1976.
Elaine N. Duggar of Richardson Law Offices, Tallahassee, for appellants.
*618 Geoffrey B. Dobson, Winifred Sheridan Smallwood, John F. Harris, Tallahassee, for appellee.
McCORD, Judge.
On May 24, 1974, the trial court entered a stipulated final judgment covering both of the above cases. It awarded appellants certain sums for the condemnation of their properties, such award providing that it covered the property taken and damages of any nature "except for interest as provided by law, which interest, together with attorneys' fees and costs of these proceedings will be further set by this court." Thereafter, on January 15, 1975, the court entered a partial judgment on costs based upon a stipulation. Appellants' attorney contends that subsequently, on May 6, 1975, he sent appellee a proposed stipulated order on interest but received no response; that he sent follow-up letters on October 17, October 31 and November 12; that appellee's attorney responded by denying responsibility for interest. None of this correspondence was placed in the court file, but it was alluded to in argument before the trial court and is appellants' explanation for the delay until January 28, 1976, in filing their "Motion for Entry of Order Assessing Interest." After hearing, the trial court on February 10, 1976, entered its order ruling that, "This Court does not have jurisdiction to hear the defendant's motion." It ordered "that Defendants' motion for entry of the Order Assessing Interest and Defendants' motion for Attorneys Fees for this hearing are hereby denied." Appellants have taken this appeal from that order.
Appellee contends that the trial court lost jurisdiction during the lapse between the entry of the "final" judgment and the filing of appellants' motion for order assessing interest.
In Mills v. Beims, 132 So.2d 228 (Fla.2d DCA 1961), our sister court of the Second District held:
"The usual test as to whether a decree or order is final or interlocutory is whether or not the case is disposed of, and if a question remains open for judicial determination. Alderman v. Puritan Dairy, 1940, 145 Fla. 292, 199 So. 44; Cone v. Benjamin, 1940, 142 Fla. 604, 195 So. 416; 19 Fla.Jur., Judgments and Decrees, Sections 258, 259, and other cases therein cited."
To the same effect the Supreme Court in Gore v. Hansen, 59 So.2d 538 (Fla. 1952), quoting from previous opinions stated:
"`A judgment is final when it adjudicates the merits of the cause and disposes of the pending action, leaving nothing further to be done but the execution of the judgment.' Howard v. Ziegler, Fla., 40 So.2d 776, 777; Hoskins v. Jackson Grain Company, Fla. 1952, 59 So.2d 24."
In addition, the fact that a judgment is labeled "final judgment" does not make it a final judgment unless it is, in fact, such a judgment. In this connection the Supreme Court in Bancroft v. Allen, 138 Fla. 841, 190 So. 885 (1939), stated:
"Although this decree was entitled `Final Decree' it did not terminate the case, but instructed the pendente lite trustee to amend the bill of complaint and proceed with further litigation. For that reason said order, although entitled `Final Decree', can not be classed as a final decree as it did not terminate the case or finally adjudicate any of the issues."
Since the trial court in the case sub judice, in its judgment of May 24, 1974, specifically left the question of interest for future adjudication, that judgment was not a final judgment. Compare Hyman v. Hyman, 310 So.2d 378 (Fla.2d DCA 1975). The judicial labor in this cause not having been concluded, the trial court has jurisdiction to conclude it by ruling upon the reserved question. We point out, however, that taxing of costs after entry of final judgment does not render a final judgment any less final. Roberts v. Askew, 260 So.2d 492 (Fla. 1972); Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1969); and Craft v. Clarembeaux, 162 So.2d 325 (Fla.2d DCA 1964). Costs must be taxed within a reasonable time following final judgment, however. *619 Roberts v. Askew, supra. Appellee contends that the adjudication of interest in the case sub judice should be treated in the same manner as taxing of costs after final judgment and argues that appellants have delayed bringing the question before the trial court within a reasonable time and thus jurisdiction has been lost. We disagree and consider that adjudication of interest falls in a different category from costs. We, therefore, decline to extend the established law in relation to taxing of costs to the adjudication of interest. Costs arise out of the litigation itself and are not a claim or part of a claim which forms the basis for the suit.
Appellee also argues that to return the case to the trial court would serve no useful purpose as, under the statute, § 74.061, Florida Statutes, appellants are not entitled to interest. This is a question which was not ruled upon by the trial court, and we, therefore, decline to consider it on this appeal.
BOYER, C.J., and SMITH, J., concur.