388 So.2d 274 (1980)
Neville A. CHAN, Hilda Chan, Loren Wilson and Nadine Wilson, Appellants,
v.
BRUNSWICK CORPORATION, a Delaware Corporation, Appellee.
No. 80-1065.
District Court of Appeal of Florida, Fourth District.
September 3, 1980.
Rehearing Denied October 8, 1980.
*275 Richard W. Smith of Johnson & Smith, P.A., Fort Lauderdale, for appellants.
Harry S. Raleigh, Jr. of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
We have for consideration appellee's motion to dismiss this appeal as untimely. At issue is whether a summary judgment was final and appealable. The reason for doubt becomes evident upon review of the sequence of events in the trial court.
On April 18, 1980, the summary judgment was entered. The words "for which let execution issue" do not appear in that summary judgment.
On May 19, 1980, appellee moved for amendment to include that phrase.
On June 5, 1980, an amended summary judgment including the phrase "for which let execution issue" was entered nunc pro tunc.
Appellant's notice of appeal was filed on June 17, 1980.
Making the amendment "nunc pro tunc" has no significant effect on the timeliness issue. Stupp v. Cone Brothers Contracting Company, 135 So.2d 457 (Fla. 2d DCA 1961). However the appeal is timely only if the summary judgment was not final until the addition of the traditional authorization for execution or, assuming it was final, if the motion to amend tolled the time for taking an appeal.
The pronouncement of a court may be characterized as final and appealable if the judicial labor required or permitted to be done has been accomplished. Slatcoff v. Dezen, 72 So.2d 800 (Fla. 1954). Where nothing further remains to be done to fully effectuate termination of the cause between the parties directly affected except enforcement by execution or otherwise, the judgment may be said to be final. Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334 (Fla. 1st DCA 1966); Hensley v. Palmer, 59 So.2d 851 (Fla. 1952). More specifically, where successive judgments are entered and the later judgment represents neither a material change of the earlier judgment nor a new exercise of discretion, the time for appeal is counted from the earlier judgment. Drummond v. Gerwe, 264 So.2d 474 (Fla. 4th DCA 1972).
The summary judgment on appeal here provides in pertinent part:
1. There is no material issue of fact in dispute with respect to the Defendants, CONCORDE YACHTS, INC., DANIEL A. MURPHY, GERALDINE MURPHY, NEVILLE A. CHAN, HILDA CHAN, LOREN WILSON, NADINE WILSON or FRANCES BURGER and the Plaintiff is entitled to a Summary Judgment as a matter of law.
2. Plaintiff's Motion for Summary Judgment is granted and a Summary Judgment be, and the same is hereby entered in favor of the Plaintiff and against the Defendants, CONCORDE YACHTS, INC., DANIEL A. MURPHY, GERALDINE MURPHY, NEVILLE A. CHAN, HILDA CHAN, LOREN WILSON, NADINE WILSON and FRANCES BURGER.
.....
6. The Plaintiff shall have and recover from Defendants, CONCORDE YACHTS, INC., DANIEL A. MURPHY, GERALDINE MURPHY, NEVILLE A. CHAN, HILDA CHAN, LOREN WILSON, NADINE WILSON and FRANCES BURGER the sum of $397,254.23, jointly and severely [sic], together with costs of this action and a reasonable fee for the Plaintiff's attorneys.
It meets the tests for finality unless the phrase "for which let execution issue" is an essential ingredient of finality. We hold that it is not. No case has been brought to *276 our attention treating this issue. However, we find no requirement in the Florida Statutes that execution be specifically referred to in a final judgment. (Chapters 55 and 56, Florida Statutes 1979). Accordingly we decline to engraft such a requirement into the law of judgments and executions.
We next consider whether the motion to amend tolled the time for taking an appeal from the final judgment. Motions which do alter the time for taking an appeal are enumerated in Rule 9.020(g) of the Florida Rules of Appellate Procedure. A motion to alter or amend a judgment under Rule 1.530 of the Florida Rules of Civil Procedure is such a motion; however, it must be filed within ten days after entry of the judgment. The motion to amend here was filed thirty-one days after entry of the summary judgment and therefore was not "an authorized and timely motion," under Rule 9.020(g), Florida Rules of Appellate Procedure.
For the foregoing reasons and because the notice of appeal was filed more than thirty days after rendition of the final judgment, appellee's motion to dismiss is granted and this appeal shall stand dismissed.
GLICKSTEIN and HURLEY, JJ., concur.