527 So.2d 249 (1988)
George W. DuBREUIL, Appellant,
v.
Joyce B. REGNVALL, F/K/a Joyce B. DuBreuil, Appellee.
No. 87-1549.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Rehearing Denied July 19, 1988.
A. John Goshgarian, Miami, for appellant.
Wendel & Chritton and Joseph G. Hern, Jr., Lakeland, for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
On her cross-appeal, Mrs. Regnvall asserts that the trial court refused to modify the judgment in her favor by adding the words "for which let execution issue" and that, as a result, she has been frustrated in her efforts to obtain a writ of execution. While we do not believe that Mrs. Regnvall's right to execute upon a judgment entered in her favor should depend upon the judgment containing the archaic  but, admittedly, customary  words "for which let execution issue," cf. Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980) (words "for which let execution issue" not essential to finality of judgment), we are bound to follow Murphy v. Murphy, 378 So.2d 27 (Fla. 3d DCA 1979), in which this court construed the absence of these words as effectively granting the judgment debtor a stay of execution and denying the judgment creditor the right to execute on the judgment. Were we free to do so, we would hold that, absent an express stay of execution, a judgment creditor's entitlement to the issuance of a writ of execution is a concomitant of a final recorded judgment. See Fla.R.Civ.P. 1.550.[1] But, reluctantly following Murphy, *250 we perpetuate this ancient ritual by directing the trial court to add to the judgment the words "for which let execution issue" so that Mrs. Regnvall can obtain a writ of execution, to which she is indisputably entitled. In all other respects, the orders under review are affirmed.
Affirmed with directions to modify the judgment.
NOTES
[1] Rule 1.550 provides:

"(a) Issuance: Executions on judgments shall issue during the life of judgment on the oral request of the party entitled to it or his attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.
(b) Stay: The court, before which an execution or other process based on a final judgment is returnable, may stay such execution or other process and suspend proceeding thereon for good cause on motion and notice to all adverse parties."
As the rule indicates, the words "for which let execution issue forthwith" do have meaning where a writ of execution is sought before the disposition of timely motions for new trial or rehearing. Sun Bank/Southwest v. Schad, 482 So.2d 554 (Fla. 2d DCA 1986), approved, Barnett Bank v. Fleming, 508 So.2d 718, 721 (Fla. 1987).