549 So.2d 678 (1989)
The CITY OF HAINES CITY, a Political Subdivision of the State of Florida, Appellant,
v.
William ALLEN and Margaret Allen, His Wife; the Personal Representative of the Estate of John Guthrie, Deceased; the Personal Representative of the Estate of Robert Nivens, Deceased; and the Personal Representative of the Estate of Ray Auer, Deceased; and Robert Lewis Miller, Jr., Appellees.
Arlene AUER, As Personal Representative of the Estate of Ray Auer, Deceased, and Joan Nivens, As Personal Representative of the Estate of Robert Nivens, Deceased, Cross-Appellants,
v.
The CITY OF HAINES CITY, a Political Subdivision of the State of Florida, Cross-Appellee.
Nos. 88-02391, 88-02401.
District Court of Appeal of Florida, Second District.
June 30, 1989.
Rehearing Denied October 2, 1989.
Sidney M. Crawford of Williams & Crawford, P.A., Lakeland, for appellant/cross-appellee The City of Haines City.
Stephen W. Carter and Roy B. Dalton, Jr., of Martinez, Dalton and Provencher, P.A., Orlando, for appellees William and Margaret Allen.
Ricky D. Gordon of Ricky D. Gordon, P.A., Margate, for appellee Mary Goodrich, as Personal Representative of the Estate of John Guthrie, Deceased.
Henry E. Valenzuela of Stagg, Hardy & Yerrid, P.A., Tampa, for appellee/cross-appellant Arlene Auer, as Personal Representative of the Estate of Ray Auer, Deceased.
Robert D. Melton, Jr., of Robert D. Melton, P.A., Orlando, for appellee/cross-appellant Joan Nivens, as Personal Representative of the Estate of Robert Nivens, Deceased.
PER CURIAM.
The appellees recovered judgments against the City of Haines City in varying amounts arising out of a vehicular collision. We have reviewed the record and find the points on appeal raised by appellant to be without merit. We, therefore, affirm the judgments of the trial court.
The City directs our attention to the parts of the final judgments which include the language "for which let execution issue" and section 55.11, Florida Statutes (1987), which reads:
No money judgment or decree against a municipal corporation is a lien on its property nor shall any execution or any writ in the nature of an execution based on the judgment or decree be issued or levied.
The language "for which let execution issue" is not essential to the finality of a judgment. Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980). To avoid the possibility of further litigation arising from its inclusion, we strike that phrase from the final judgments herein.
The cross-appeals are rendered moot by this decision.
AFFIRMED.
SCHEB, A.C.J., and HALL and PATTERSON, JJ., concur.