PER CURIAM.
This is an appeal by the City of North Miami from a final judgment which declares Section 13-22, Computer Class No. 790.00 of the North Miami City Code to be invalid; this section of the Code imposes a $1,875.00 annual occupation license fee for fortune tellers — although the fee assessed for most other occupations in the city is less than 10% of that amount. The final judgment further orders that the plaintiff Rita Williams, a licensed fortune teller in the City of North Miami for the years 1980-87, be reimbursed $7,490 plus interest and costs by the City of North Miami for the license fees which the plaintiff paid to the City for the prior four years; the four-year limitation was imposed based on the applicable four-year statute of limitations. § 95.11(3), Fla.Stat. (1987).
We affirm the final judgment under review — save for that portion which reads “let execution issue,” which is hereby stricken, City of Haines City v. Allen, 549 So.2d 678 (Fla. 2d DCA 1989)—upon a holding that: (1) the occupational license fee is so great as to be beyond the necessities of a reasonable revenue-raising device and is therefore unauthorized under Sections 205.- *400 042, 205.043, Florida Statutes (1987). Consolidated City of Jacksonville v. Dusenberry, 362 So.2d 132 (Fla. 1st DCA 1978) ($1,000 occupational license fee for fortune tellers, clairvoyants, and astrologers held invalid); see City of Miami v. I.C. Sales, Inc., 276 So.2d 214, 218 (Fla. 3d DCA), cert. denied, 281 So.2d 213 (Fla.1973); and (2) the occupational license fee cannot be sustained as a valid occupational regulatory fee under Section 166.221, Florida Statutes (1987), because the City of North Miami has made no provision, by ordinance or otherwise, for the regulation of fortune tellers, and, in fact, has assessed the instant fee as an occupational license fee and nothing else. We reject the contention that the subject fee is somehow a hybrid license-regulatory fee; there is nothing in the record to support such a novel theory.
We find no merit in the balance of the points raised by the City of North Miami, and, save for the deletion of “let execution issue,” the final judgment under review is affirmed.
Affirmed as modified.