Nancy **SAGLIMBENE**, Plaintiff,

v.

**VENTURE INDUSTRIES CORP.;
Lawrence Winget; and James
Schutz, Defendants.**

**No. 86–CV–30127 PH.**

United States District Court,
E.D. Michigan, S.D.

May 3, 1990.

Thomas Oehmke, Ross & Oehmke, Mt. Clemens, Mich., for plaintiff.

Sheryl A. Laughren, Berry, Moorman, King, Cook & Hudson, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff's current motion requires the Court to determine the following: (1) the postjudgment interest rate applicable to the plaintiff's judgment obtained under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216; (2) the date from which postjudgment interest accrues; and (3) whether the plaintiff is entitled to postjudgment interest on costs and attorney's fees awarded by the Court.

## I. APPLICABLE INTEREST RATE

■ The plaintiff argues that state law provides the appropriate postjudgment interest rate on judgments obtained in federal district court. The plaintiff, however, erroneously relies on case law interpreting the original version of the federal postjudgment interest statute, 28 U.S.C. § 1961. The 1982 amendments to the statute provide that postjudgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent ... of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." The Court is unaware of any precedent holding that § 1961 does not apply to judgments under the FLSA, and has uncovered one recent district court decision expressly applying § 1961 in an FLSA action. *Lomas v. Kolb-Lena Cheese Co.*, 720 F.Supp. 110, 115 (N.D.Ill.1989).[1] The Court therefore re-

---

**1.** The *Lomas* court unfortunately cited the unamended language of § 1961, and thus applied the State of Illinois interest rate in determining plaintiff's postjudgment interest award. Never- theless, the court recognized that § 1961 is applicable in assessing such interest in an FLSA action.

jects the plaintiff's argument, and holds that the 8.15% interest rate cited by the defendants applies to the plaintiff's postjudgment interest award. The Court further notes that cursory research would have prevented the Court and opposing counsel from having to resolve this question. The Court has previously admonished counsel for insisting on pursuing baseless arguments, Mem. Op. and Order of Jan. 3, 1989, at 2, and therefore awards the defendants costs and attorneys' fees incurred in defending this portion of the plaintiff's motion.

## II. ACCRUAL OF INTEREST

■ The plaintiff, citing *Turner v. Japan Lines, Ltd.*, 702 F.2d 752 (9th Cir. 1983), urges that interest should accrue from the date of the verdict, as opposed to the date of entry of judgment. *Turner* involved the ascertainment of the accrual date of postjudgment interest "in the context of an erroneously granted judgment n.o.v. that is reversed on appeal." 702 F.2d at 755 (footnote omitted). The *Turner* plaintiff had obtained a jury verdict nearly three years prior to entry of judgment in her favor, and the court therefore held that equity required a finding that the plaintiff's interest award began accruing on the verdict, as opposed to the actual judgment, date.

The plaintiff obtained her jury verdict on September 28, 1988, and the Court entered judgment in her favor on October 26, 1988. Clearly, *Turner* is inapposite to the instant case, and given the plain language of § 1961, the Court holds that plaintiff's postjudgment interest accrues from the date of entry of judgment, October 26, 1988.

## III. INTEREST ON COSTS AND ATTORNEY'S FEES

■ The Court has failed to locate any Sixth Circuit authority addressing the pro-

priety of awarding postjudgment interest on attorney's fees or costs awards under § 1961. Moreover, research has not revealed precedent from any jurisdiction discussing the applicability of § 1961 to attorney's fee and cost awards under the FLSA.[2] Several jurisdictions have, however, allowed such awards in actions involving other federal statutes. See *Mathis v. Spears*, 857 F.2d 749 (Fed.Cir.1988) (attorney fee award under 35 U.S.C. § 285); *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir.1983) (en banc) (attorney fee award under 15 U.S.C. § 15); *Spain v. Mountanos*, 690 F.2d 742 (9th Cir.1982) (attorney fee award under 42 U.S.C. § 1988).

The defendants contend that the FLSA, read in conjunction with § 1961, does not contemplate a postjudgment interest award on attorney's fees and costs. Specifically, the defendants note that the FLSA provides that courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to paid by the defendant, and costs of the action," 29 U.S.C. § 216(b), and that § 1961 speaks solely in terms of interest "on any money judgment...." Thus, defendants urge, since the FLSA, unlike other federal statutes, expressly treats fees and costs as awards separate from any judgment, § 1961 is not applicable to such awards.

Although the defendants present a logically attractive argument, the Court believes that the purpose of § 1961 is properly served by allowing postjudgment interest on the plaintiff's attorney's fees and costs awards. In *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794 (11th Cir.1988), the court, discussing the propriety of allowing § 1961 postjudgment interest on costs awarded pursuant to 28 U.S.C. § 1920, and quoting other authority, noted that

---

**2.** The defendants cite this Court's opinion in *Benson v. Universal Ambulance Service*, 497 F.Supp. 383 (E.D.Mich.1980), rev'd, 675 F.2d 783 (6th Cir.1982), as authority for the denial of postjudgment interest on an FLSA attorney's fee award. While undeniably this Court did not

make such an award in *Benson*, the issue of the propriety of making the award was not presented to the Court in that action. The Court therefore finds *Benson* of no aid in determining this issue.

the awarding of interest is in no sense a windfall. Because a dollar today is worth more than a dollar in the future, "the only way [a party] can be made whole is to award him interest from the time he should have received the money."

855 F.2d at 798 (quoting *Gates v. Collier*, 616 F.2d 1268, 1276 (5th Cir.1980)) (quoting *Louisiana & Arkansas Railway Co. v. Export Drum Co.*, 359 F.2d 311, 317 (5th Cir.1966)). Moreover,

> the "traditional rule" [disallowing post-judgment interest on costs] ... "ante-dates the modern practice of applying economic and business principles to judicial administration. ... It developed at a time when interest rates were not so high nor costs so large as both now are, and when therefore, the net effect of the disallowance was smaller."

*Id.* (quoting *Devex Corp. v. General Motors Corp.*, 749 F.2d 1020, 1026 (3rd Cir. 1984), cert. denied, 474 U.S. 819, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985) (quoting *Copper Liquor, supra*, 701 F.2d at 544)). The Court finds this reasoning persuasive, and therefore awards the plaintiff post-judgment interest at 8.15%, dating from October 26, 1988, on her award of attorney's fees and costs.

## IV. CONCLUSION

Based upon the preceding, the Court AWARDS the plaintiff postjudgment interest on her damages, attorney's fees, and costs awards at a rate of 8.15% rate, accruing on October 26, 1988. The Court additionally AWARDS the defendants their costs and attorneys' fees incurred in defending the portion of the plaintiff's motion concerning the appropriate interest rate on her judgment. The Court ORDERS the defendants to submit documentation substantiating such fees and costs.

IT IS SO ORDERED.