**In re Michael R. WALSH, Debtor.**

**Kenneth L. EWERS, etc., Plaintiff,**

v.

**Michael R. WALSH, etc., et al., Defendants.**

**Bankruptcy No. 89–03507–BKC–6C7.
Adv. No. 90–0021.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 6, 1991.

Edward M. Waller, Jr., Tampa, Fla., for Michael Walsh.

Patrick A. McGee, Orlando, Fla., for Sun Bank.

Kenneth L. Mann, Kenneth L. Mann, P.A., Orlando, Fla., for Kenneth L. Ewers.

David E. Peterson, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, Fla., for First Union Nat. Bank.

Jerald I. Rosen, Longwood, Fla., Trustee.

Cheryl L. Waldron, Topeka, Kan., for Sec. Benefit Life Ins. Co.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, FIRST UNION NATIONAL BANK OF FLORIDA

**C. TIMOTHY CORCORAN, III,**
Bankruptcy Judge.

This adversary proceeding came on for consideration of the motion for summary judgment filed by the defendant, First Union National Bank of Florida.

This is a proceeding filed by the successor personal representative of a decedent's estate against several defendants, including the bank. Among other things, the plaintiff seeks a declaratory judgment that a state court order is a final judgment that creates a lien on certain real property in issue and that the lien of the bank's subsequent mortgage on that property is therefore inferior to the lien of the judgment.

Although the facts out of which this motion arises are convoluted, the undisputed material facts relevant to a determination of the motion can be simply stated:[1]

### Probate Court Order

The Chapter 7 debtor and defendant in this adversary proceeding, Michael R. Walsh, was the original personal representative of the estate of Nancee Virginia Densch, deceased. On October 19, 1988, the Circuit Court for Orange County, Florida, entered an order in that probate case. The order was captioned in the probate estate and was entitled "final judgment." In its decretal provisions, the order provided, among other things, that:

2. The $700,000 fee taken out by the Personal Representative to pay himself as personal attorney of Alice Bien is directed to be immediately returned to the estate account together with interest or profits earned from it and in any event no later than October 28, 1988.

A certified copy of that order was duly recorded in the public records of Orange County.

The order was entered after a hearing on the debtor/defendant's petition for discharge as personal representative of the estate and a response to the petition for discharge. At the hearing, it appeared that the defendant/debtor had taken estate funds in payment for certain legal services he had rendered to the decedent's mother, the sole beneficiary of the estate, who was incompetent. The taking of these funds had been without probate court approval; the probate court had determined neither the defendant/debtor's entitlement to fees or the amount of any such fees. Accordingly, the probate court ordered their return to the estate and further provided that the defendant/debtor could make future application to the probate court for fees so the court could determine the issues of entitlement and amount. The order provided, in its findings, that:

3. The Personal Representative's payment to himself of $50,000 and $15,000 as Personal Representative's attorney for the Personal Representative's fees should be presented to the Court for retroactive approval as well as any other fees being sought by the Personal Representative.

This was confirmed by the probate judge at a later hearing held on the plaintiff's motion to find the debtor/defendant in contempt for failure to restore the funds to the estate as ordered. In referring to the original order, the probate judge said:

[T]he court did restrict from putting anything in print concerning any judgment on the conduct of Mr. Walsh in taking the funds in the manner that he did and in disbursing them knowing the possibility of them might having to be returned. The court did that to give all benefit held

---

1. The record for summary judgment purposes consists of the motion with supporting exhibits and affidavits (Document No. 35), the response (Document No. 42), and the reply (Document No. 45), in addition to the complaint (Document No. 1) and the bank's amended answer (Document No. 25). The court's order requiring a response to the motion (Document No. 37) provided notice to the plaintiff, required by F.R. Civ.P. 56(c), that the court would hear the motion on the papers.

to Mr. Walsh to have the matter straightened by the return of the funds, without the court making any judgment as it had to concerning the breach of fiduciary duty. . . .

### The Mortgage

Before the hearing that resulted in the entry of the probate court's order, the defendant/debtor, individually, was the record title owner of the "Fern Creek property" located in Leland Heights subdivision in Orange County. Shortly before the commencement of that hearing, the defendant/debtor conveyed that property by quitclaim deed to himself and his wife in a tenancy by the entireties. The defendant/debtor recorded a second quitclaim deed on February 27, 1989, to cure apparent defects in the first.[2] The plaintiff here contends that the conveyance was fraudulent and ineffective.

On February 17, 1989, after the original deed and a certified copy of the probate court's order were recorded, the bank made a loan to the defendant/debtor and his wife in the amount of $121,081.86 and took back a mortgage from the debtor and his wife on the Fern Creek property. There may be an issue of fact as to whether the bank had actual knowledge of the probate court's order at the time of the mortgage loan. Nevertheless, it is undisputed on the record now before the court that the probate court's order was not indexed in the public records as a judgment, the order did not appear in the record chain of title of the property in the public records, and the bank and its title examiner were unaware that the decedent's estate had or claimed any lien on the property as a result of the probate court's order.

### Jurisdiction

This court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference entered by the district court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).[3]

### Discussion

■ On these facts, the plaintiff successor personal representative contends that the probate court's order constitutes a final judgment under Florida law. As a consequence, the personal representative contends, the recording of a certified copy of it created a lien on the Fern Creek property that is superior to the lien of the later mortgage held by the bank. The bank, of course, contends that the probate court's order is not a final judgment within the meaning of Florida law so that the recording of a certified copy created no lien superior to the lien of the later mortgage.

The undisputed facts permit the court to resolve this pure question of law on a summary judgment basis, and there is no need for the court to delve into the immaterial facts raised by the parties. Immaterial facts, of course, are those that are not outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). These immaterial facts involve, among other things,

2. Although the bank admitted the conveyance and its fraudulent quality in the bank's original answer (Document No. 13), it later pled in its amended answer that it was without knowledge as to these matters (Document No. 25). As to the fact of the conveyance, however, there can be no real dispute as to what the public records contain, and the bank has not demonstrated in response to the motion for summary judgment that there is a genuine issue as to the fact of the conveyance. For purposes of this motion, therefore, the court considers that there is no genuine dispute as to this matter. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

3. Core proceedings include determinations of the validity, extent, or priority of liens. 28 U.S.C. § 157(b)(2)(K). Generally, however, the lien involved must be on property of the estate. *New Farmers National Bank of Glascow v. McKinney (In re McKinney)*, 45 B.R. 790 (Bankr. W.D.Ky.1985). The property at issue here is property of the estate because of the debtor/defendant's record undivided one-half interest as a tenant by the entireties. *In re Ciccarello*, 76 B.R. 848 (Bankr.M.D.Fla.1987).

\* the probate court's granting, for a time, of a stay pending appeal of the obligation contained in the order to pay to the estate the $700,000;

\* the efforts by the plaintiff personal representative to amend or clarify the probate court's order, pending its appeal, to "confirm" or provide that it is enforceable by writ of execution (a determination not made by the probate court because of its concern over its jurisdiction during the pendency of the appeal); and

\* the proceedings in the probate court for contempt for the defendant/debtor's failure to pay the $700,000 to the estate as required by the order (the court did orally rule that the defendant/debtor was in contempt for failure to return the money, but no written order had been entered by the time the defendant/debtor filed his Chapter 7 bankruptcy case).

Despite much argument by the parties, none of these facts control whether the probate court's order is a final judgment or whether it is not.

Section 55.10, Florida Statutes, provides that the recording in the public records of a certified copy of a final judgment against a specific defendant creates a lien upon that defendant's real property located in the county in which the recording is made. *Smith v. Venus Condominium Ass'n,* 352 So.2d 1169 (Fla.1977); *Seidle v. Lita Records, Inc. (In re Belize Airways Ltd.),* 19 B.R. 840, 842 (Bankr.S.D.Fla.1982). Florida Rules of Civil Procedure Forms 1.990 to 1.994 provide standard forms that are generally used in drafting a final judgment. Although failure to include the "magic" language of these forms, "for which let execution issue," is not fatal to a determination that an order is a final judgment, Florida case law dictates certain standards that must be met for an order to constitute such a final judgment. *City of Haines City v. Allen,* 549 So.2d 678 (Fla. 2d DCA 1989). See also *DuBreuil v. Regnvall,* 527 So.2d 249 (Fla. 3d DCA 1988), and *Continental Insurance Co. v. Employers' Fire Insurance Co.,* 292 So.2d 413, 415 (Fla. 2d DCA 1974).

Under this case law, "[a] final judgment is one that determines the rights of the parties and disposes of the cause on its merits leaving nothing more to be done other than to enforce the judgment." *Donaldson v. City of Plantation,* 326 So.2d 209, 210 (Fla. 4th DCA 1976) (order directing city to refund money to developer was a final judgment where required contributions were found to be illegal). An order is not final where a question remains open for judicial determination. *Chipola Nurseries, Inc. v. Division of Administration,* 335 So.2d 617 (Fla. 1st DCA 1976) (judgment was not final where trial court specifically left for future adjudication the question of interest on certain sums awarded). When nothing further needs to be done except execution on the judgment, the judgment is final. *Id.* The title "final judgment" in the order is not dispositive of the issue of whether or not the order is final. *Id.* See also *Joannou v. Corsini,* 543 So.2d 308 (Fla. 4th DCA 1989), and *Reed v. Bank of Mulberry,* 111 Fla. 577, 149 So. 609 (1933) (alleged judgment did not create a lien on property when it did not appear to be against any party or in favor of any party).

The order of the probate court here fails to contain the usual "for which let execution issue" language. The court therefore must apply these principles and look to the order's substance to determine whether it contains finality and is a final judgment. In doing so, it appears that, despite the title "final judgment," the order of the probate court clearly lacks any of the finality required for the order to be a final judgment and to create a lien pursuant to Section 55.10, Florida Statutes. This order determined no claim or cause of action against the defendant/debtor. Instead, it merely directed the defendant/debtor to refund certain funds the defendant/debtor had taken from the probate estate to restore the status quo pending a later determination of the matter. As seen in both the very language of the order and the words of the probate judge in describing his intent in entering the order, the probate court specifically contemplated that the defendant/debtor's entitlement to the funds

as attorneys fees would be the subject of further proceedings in the probate court.

As a consequence, the order to restore the status quo ante by returning the funds to the probate estate was merely an interlocutory order. Its enforcement therefore lay in a proceeding to hold the defendant/debtor in contempt; its enforcement was not possible by writ of execution. Indeed, this is the very procedure pursued by the plaintiff personal representative in the probate court before the debtor/defendant filed this voluntary bankruptcy case.

A further reflection of the order's lack of finality, although probably not dispositive, is the fact that the clerk of the Circuit Court for Orange County did not treat the order as a final judgment. The clerk did not index it under the defendant/debtor's name. Apparently, nothing in the order caused the clerk to believe that it made any final determination of any claim against the defendant/debtor. Where a judgment is not indexed in the public records in the name of the person against whom it is entered because that person's name does not appear in the caption of the judgment, as was the case here, a party is entitled to rely upon a properly conducted search of the public records which fails to show the judgment, at least for purposes of acquiring an interest in real property. *Bakalarz v. Luskin,* 560 So.2d 283 (Fla. 4th DCA 1990).

In short, even assuming (without deciding) that the conveyance of the Fern Creek property by the defendant/debtor to himself and his wife was fraudulent as to plaintiff and therefore ineffective, the lien of the bank's later mortgage is superior to the rights of the plaintiff in the Fern Creek property. The probate court's order did not give the plaintiff a judgment lien on the property when a certified copy of the order was recorded.

In summary, there are no genuine issues of material fact involved in the personal representative's claim against the bank, and the bank is entitled to judgment as a matter of law determining that the bank's lien of the mortgage attached to the Leland Heights property in issue is superior to any

right of the plaintiff personal representative derived from the probate court's order. The bank's motion for summary judgment is therefore granted.

Pursuant to Bankruptcy Rule 7054(a) and F.R.Civ.P. 54(b), the court further concludes and expressly determines that there is no just reason for delay in the entry of judgment on the plaintiff's claim against the bank. Despite the fact that there are other claims pending against other defendants, the plaintiff has no other claim pending against the bank, and the court's decision here terminates this dispute as between these two parties. The court will therefore contemporaneously enter a separate judgment in accordance with this decision.

DONE and ORDERED.