825 So.2d 1010 (2002)
Loretta FRIEDMAN, Appellant,
v.
David FRIEDMAN and Mark S. London, Esq., Appellees.
No. 4D02-1458.
District Court of Appeal of Florida, Fourth District.
August 28, 2002.
Rehearing Denied September 30, 2002.
*1011 Denise S. Calegan-Desmond of Joel M. Weissman, P.A., Doreen M. Yaffa, P.A., West Palm Beach, for appellant.
Mark S. London of the Law Offices of Mark S. London, P.A., Hollywood, pro se.

ORDER DISMISSING APPEAL
KLEIN, J.
A money judgment was entered against appellant; however, it did not contain the words "for which let execution issue." Appellees, assuming those words were necessary, had a "corrective final judgment," entered several weeks later which provided for execution to issue. Appellant's notice of appeal is only directed to, and only timely as to, the second order.
Appellees move to dismiss on the ground that the first order was final because the modification regarding execution was not material and therefore did not delay the time for seeking review. St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971); Daytona Migi Corp. v. Daytona Auto. Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982).
On all fours is Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980), in which we held that the words "for which let execution issue" are not essential in order for a judgment to be final. We dismissed an appeal under identical facts. See also GEICO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345 (Fla. 4th DCA 1991); State Farm Mut. Auto. Ins. Co. v. Open MRI of Orlando, Inc., 780 So.2d 339 (Fla. 5th DCA 2001).[1]
There is no need, either for purposes of finality, or for obtaining a writ of execution, for a money judgment to provide for execution to issue. Rule 1.550(a) provides in part: "Execution on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney without praecipe." Execution only needs to be addressed if the court wishes to stay execution. Fla. R. Civ. P. 1.550(b).
The appeal from the corrective final judgment entered on March 22, 2002 is dismissed because it is not timely as to the final judgment.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] We remind counsel for appellant of her ethical duty, under rule 4-3.3(a)(3), to disclose "legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." As authority to support her position that the addition of the words in the corrected judgment was material, counsel for appellant cited Du Breuil v. Regnvall, 527 So.2d 249 (Fla. 3d DCA 1988). In Du Breuil the court cited our decision in Chan and noted its holding, which is directly contrary to appellant's position. Neither party cited Chan or GEICO Financial.