STRINGER, Judge.
Charles Oliveri seeks review of the order that awarded The Bateman Group, Inc. (“Bateman”) attorney’s fees and costs of $1431 .25 after the court dismissed Oli-veri’s complaint for failure to prosecute. We have jurisdiction to review the order as a final order under Florida Rule of Appellate Procedure 9.030(b)(1)(A) even though the order awards attorney’s fees and costs without expressly providing for its execution. See City of Haines City v. Allen, 549 So.2d 678 (Fla. 2d DCA 1989) (“The language ‘for which let execution issue’ is not essential to the finality of a judgment.”); Chan v. Brunswick Corp., 388 So.2d 274, 275 (Fla. 4th DCA 1980). But see DuBreuil v. Regnvall, 527 So.2d 249, 249 (Fla. 3d DCA 1988) (holding that the omission of execution language grants a judgment debtor a stay of execution and precludes the judgment creditor from executing on the judgment); Murphy v. Murphy, 378 So.2d 27, 28 (Fla. 3d DCA 1979).
We conclude that the trial court erred in awarding attorney’s fees and costs because Bateman had not filed a timely motion for attorney’s fees and costs as required by Florida Rule of Civil Procedure 1.525. See Mook v. Mook, 873 So.2d 363 (Fla. 2d DCA 2004); Gulf Landings Ass’n, Inc. v. Hershberger, 845 So.2d 344, 345-46 (Fla. 2d DCA 2003); Diaz v. Bowen, 832 So.2d 200, 200-01 (Fla. 2d DCA 2002).
Reversed.
FULMER and SILBERMAN, JJ„ Concur.