[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12115
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80098-CV-KLR

DENISE MARTINEC,
PATRICIA WILSON, et al.,

                                        Plaintiffs-Appellants,

                    versus

PARTY LINE CRUISE COMPANY,
a foreign corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2009)

Before DUBINA, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

This appeal arises out of an attorneys' fee award ordered by the United States District Court for the Southern District of Florida in a Fair Labor Standards Act ("FLSA") case. After conducting a hearing on the appellants' motion for attorneys' fees and costs, the district court found that appellants' counsels' billing rates were reasonable, but that the number of hours spent on the litigation was unreasonable. In making this finding, the district court considered the numerous requests by appellants for extensions of time to respond to discovery, the appellants' filing of unnecessary/frivolous motions, appellants' failure to file a motion for summary judgment for which they sought fees, and the lack of complex legal issues presented. Accordingly, the district court found that the number of hours spent on the litigation should be reduced.

"The determination of a reasonable fee pursuant to § 216(b) of the [FLSA] is left to the sound discretion of the trial court and will not be set aside absent a clear abuse of discretion." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985).

After reviewing the record and reading the parties' briefs, we conclude that the appellants have failed to demonstrate that the district court abused its discretion in its order awarding attorneys' fees. Moreover, we conclude that appellants have failed to establish that the district court erred in denying

2

appellants' supplemental motion for attorneys' fees. The district court's denial of the supplemental motion was supported by detailed findings of fact and applicable principles of law. We do conclude from the record, however, that the district court made one error. The district court abused its discretion by failing to award post-judgment interest and in failing to include explicit execution language in its order. It is appropriate to impose post-judgment interest on awards of attorneys' fees and costs in an FLSA case. *See Saglimbene v. Venture Indus. Corp.*, 739 F. Supp. 1100, 1102 (E. D. Mich. 1990). Further, we conclude that the district court erred in failing to include language in its order which would permit execution on the judgment. *See DuBreuil v. Regnvall*, 527 So. 2d 249, 250 (Fla. Dist. Ct. App. 1988).

Finally, we conclude appellants' claim of bias is meritless.

For the foregoing reasons, we affirm the district court's order in part, vacate it in part, and remand this case for further proceedings consistent with this opinion.

**AFFIRMED in part, VACATED in part, and REMANDED.**

3