WHATLEY, Judge.
 

 David B. Howell and Dave B. Howell, LLC (collectively referred to as Howell) filed this direct appeal of a final summary judgment to quiet title and for ejectment entered in favor of Ed Bebb, Inc. We conclude that Bebb did not establish that it was entitled to summary judgment at this stage in the pleadings and reverse.
 

 Bebb filed an amended complaint against Howell asserting counts to quiet title, take possession of real property, require specific performance, foreclose on a mortgage, and for ejectment. Howell filed a motion to dismiss, and while the motion was pending, Bebb filed a motion for summary judgment. After a hearing on Bebb’s motion, the circuit court entered final summary judgment in favor of Bebb.
 

 Generally, “[a] movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)). But if “a plaintiff moves for summary judgment before the defendant has filed an answer, ‘the burden is upon the plaintiff to make it appear to a certainty that no answer which the defendant might properly serve could present a genuine issue of fact.’”
 
 BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques,
 
 28 So.3d 936, 937-38 (Fla. 2d DCA 2010) (quoting
 
 Settecasi v. Bd. of Pub. Instruction of Pinellas County,
 
 156 So.2d 652, 654 (Fla. 2d DCA 1963)). Thus,
 
 *169
 
 the standard to establish entitlement to summary judgment requires the plaintiff to establish that “the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.”
 
 Id.
 
 at 938.
 

 The trial court in the present case appears to have used the wrong standard in ruling on Bebb’s motion for summary judgment, as it asked Howell if he had filed any affidavits or anything that would create a material issue of fact. At the hearing on the motion for summary judgment, Howell noted issues of material fact that could be raised in an answer to the complaint. However, Bebb based its argument for summary judgment on the failure of Howell to file affidavits establishing genuine issues of material fact. On appeal, Bebb does not contend that it established to a certainty at the hearing that no answer which Howell might properly serve could present a genuine issue of fact. Accordingly, it was improper to enter summary judgment in favor of Bebb at this stage in the pleadings, and we reverse the judgment and remand for further proceedings.
 

 Reversed and remanded.
 

 NORTHCUTT and LaROSE, JJ„ Concur.