BLACK, Judge.
 

 Daniel Getman appeals the final summary judgment and award of damages entered in favor of Tracey Construction, Inc., in a breach of contract action. Because Tracey Construction failed to establish that it was entitled to summary judgment, we reverse. We do not reach the issue of whether the trial court erred in awarding damages without first holding an eviden-tiary hearing because we hold that Tracey Construction was not entitled to summary judgment at this stage of the proceedings.
 

 Tracey Construction filed an unverified three-count complaint against Getman, alleging an action for breach of contract or, in the alternative, quantum meruit and lien foreclosure. Getman did not answer the complaint but instead filed a motion to dismiss. While Getman’s motion was pending, Tracey Construction filed a motion for summary judgment. After a hearing on Tracey Construction’s motion, the trial court entered an order granting summary judgment in favor of Tracey Construction and awarding damages.
 

 As a threshold matter, Tracey Construction contends that the order granting summary judgment is not a final,
 
 *1291
 
 appealable order. Although the order awards damages without expressly providing for execution of the judgment, “the language ‘for which let execution issue’ is not essential to the finality of a judgment.”
 
 City of Haines City v. Allen,
 
 549 So.2d 678, 678 (Fla. 2d DCA 1989) (citing
 
 Chan v. Brunswick Corp.,
 
 388 So.2d 274, 275 (Fla. 4th DCA 1980));
 
 see also Oliveri v. Bateman Group, Inc.,
 
 874 So.2d 1290, 1291 (Fla. 2d DCA 2004). Moreover, “[a] final order or judgment is one which evidences on its face that it adjudicates the merits of, and disposes of, the matter before the court and leaves no judicial labor to be done.”
 
 Cardillo v. Qualsure Ins. Corp.,
 
 974 So.2d 1174, 1175-76 (Fla. 4th DCA 2008). We note, however, that while phrases like “for which let execution issue” are not essential for finality, the order must otherwise evidence finality on its face and the inclusion of such language will prevent both appealability and execution issues in the future.
 
 See Willis v. Red Reef, Inc.,
 
 921 So.2d 681, 685 (Fla. 4th DCA 2006). We have jurisdiction. Fla. R.App. P. 9.110(k).
 

 As a general rule, “[a] movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)). However, when the plaintiff moves for summary judgment before an answer has been filed, “the burden is upon the plaintiff to make it appear to a certainty that no answer which the defendant might properly serve could present a genuine issue of fact.”
 
 Settecasi v. Bd. of Pub. Instruction of Pinellas Cnty.,
 
 156 So.2d 652, 654 (Fla. 2d DCA 1963) (citations omitted). “Thus, the standard to establish entitlement to summary judgment requires the plaintiff to establish that ‘the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.’”
 
 Howell v. Ed Bebb, Inc.,
 
 35 So.3d 167, 168-69 (Fla. 2d DCA 2010) (quoting
 
 BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques,
 
 28 So.3d 936, 938 (Fla. 2d DCA 2010)). The standard is extremely high and the plaintiff’s burden is extremely heavy.
 
 See W. Fla. Cmty. Builders, Inc. v. Mitchell,
 
 528 So.2d 979, 980 (Fla.1988);
 
 Brakefield v. CIT Group/Consumer Finance, Inc.,
 
 787 So.2d 115, 116 (Fla. 2d DCA 2001).
 

 During the hearing in the present case, counsel for Getman argued that the pleadings were still open and that summary judgment would be inappropriate. Counsel for Tracey Construction argued that no facts were in controversy and that Getman had not filed affidavits in opposition to the motion for summary judgment. Immediately thereafter, the trial court granted summary judgment, finding that Getman failed to file affidavits opposing Tracey Construction’s motion.
 

 It appears the trial court applied an incorrect standard in ruling on the motion. The court granted summary judgment in favor of Tracey Construction based on Getman’s failure to file affidavits in opposition to the motion rather than on any affirmative showing by Tracey Construction.
 
 See Howell,
 
 35 So.3d at 169. Further, Tracey Construction failed to conclusively establish that no answer which Getman might have properly served could present a genuine issue of material fact.
 
 See id.
 

 
 *1292
 
 Accordingly, we reverse the judgment and remand for further proceedings.
 

 KHOUZAM and MORRIS, JJ., Concur.