921 So.2d 681 (2006)
Ernest WILLIS, Sunday Willis, and Matthew Giacomino, Appellants,
v.
RED REEF, INC., a Florida Corporation, Appellee.
Nos. 4D04-1924, 4D04-2013.
District Court of Appeal of Florida, Fourth District.
January 25, 2006.
Rehearing Denied March 21, 2006.
*682 Lance A. Harke and David J. Maher of Harke & Clasby LLP, Miami, for appellants.
Stephen Rakusin of The Rakusin Law Firm, Fort Lauderdale, for appellee.
HOROWITZ, ALFRED J., Associate Judge.
Ernest and Sunday Willis appeal a final judgment which 1) found that they fraudulently transferred assets and 2) imposed an equitable lien upon their homestead property. Red Reef, Inc. cross-appeals the final judgment arguing there were several *683 defects in the final judgment. Matthew Giacomino filed a notice of appeal of the same final judgment; however, he voluntarily dismissed his appeal. This court sua sponte consolidated these cases for all purposes. We affirm in part, reverse in part, and remand for further proceedings.
In 1989, Ernest Willis, his wife Sunday Willis, and Matthew Giacomino formed Ocean One North, Inc. for the sole purpose of owning and managing a commercial building located at One North Ocean Boulevard in Boca Raton, Florida. On February 16, 1996, Red Reef, Inc. entered into a lease agreement with Ocean One whereby Red Reef was to lease certain premises in the Ocean One building so that Red Reef could operate a restaurant. Ultimately, Ocean One breached the lease agreement by failing to allow Red Reef to occupy the leased premises.
On November 13, 1996, Red Reef filed a lawsuit against Ocean One in county court seeking specific performance of the lease and "damages that do not exceed $15,000 exclusive of attorney's fees and costs." In addition to the litigation with Red Reef, another tenant, PNR, Inc., had also brought suit against Ocean One. Just prior to Red Reef's county court suit being administratively dismissed, Ocean One entered into an Agreement for the Purchase and Sale of the building to an unrelated third party. The purchase price was $3,100,000. The closing occurred on or about April 27, 1998. In accordance with the terms of the settlement statement, Ocean One retained virtually no proceeds from the sale of the subject property. After payment of expenses, the remaining proceeds of sale were disbursed with the Willises receiving $1,200,000 and Giacomino receiving $1,900,000. The Willises' proceeds were deposited directly into their joint checking account. Immediately thereafter, the Willises used $490,345.19 of the proceeds they received from the sale of Ocean One's building to pay off the mortgage on their homestead property in Boca Raton.
In June 1998, Red Reef successfully had the trial court set aside the order administratively dismissing its lawsuit. In February 2000, Red Reef filed an amended complaint and the case was transferred to circuit court. On December 18, 2001, the trial court entered an amended final judgment against Ocean One, in which the court awarded Red Reef damages in the amount of $1,523,684.24.
On March 27, 2002, Red Reef filed a new six-count complaint against the Willises and Giacomino alleging fraudulent transfers of corporate assets, alter ego liability, and tortious civil conspiracy. After a non-jury trial, the court entered a final judgment dated April 21, 2004, determining that Red Reef was entitled to recover from the Willises and Giacomino under the first three counts: fraudulent transfers in violation of section 726.105(1)(a), Florida Statutes; fraudulent transfers in violation of section 726.105(1)(b), Florida Statutes; and fraudulent transfers in violation of section 726.106(1), Florida Statutes. The court found the defendants were not liable on the other three counts: fraudulent transfers in violation of section 726.106(2), Florida Statutes; tortious civil conspiracy; and alter ego liability. Further, the court imposed "an equitable lien and/or constructive trust" on the homestead property of the Willises in the amount of $490,395.19, plus prejudgment interest.
The Willises argue that they were entitled to a directed verdict as to the first three counts of Red Reef's complaint. We disagree. The trial court found that the Willises committed violations of the Fraudulent Transfer Act and the court's findings were supported by competent substantial evidence in light of the fact that both PNR *684 and Red Reef had claims against Ocean One at the time of the transfers.
The remaining issue is whether the Willises lost the homestead protection afforded by article X, section 4(a)(1) of the Florida Constitution by paying off their mortgage with the proceeds from the sale of the Ocean One building. The plain language of the Florida Constitution indicates that homesteads in Florida may not be used to satisfy court judgments except in three specifically enumerated instances: (1) unpaid property taxes for the homestead itself; (2) mortgages for the purchase or improvement of the homestead itself; or (3) mechanics' liens for work performed on the homestead.
The crux of Red Reef's position with respect to the trial court imposing an equitable lien/constructive trust on the Willises' homestead property rests on its interpretation of Havoco of America, Ltd. v. Hill, 790 So.2d 1018 (Fla.2001). Red Reef argues that the funds used to pay off the mortgage are clearly traceable as being the funds the Willises directly received in their personal joint account from the sale of the building by Ocean One. However, the analysis of this issue is not determined by Red Reef's ability to trace funds to Ocean One. The supreme court in Havoco ruled that article X, section 4 exempts a Florida homestead, even where the debtor acquired the homestead using non-exempt funds with the specific intent of hindering, delaying, or defrauding creditors. Id. at 1019. The imposition of equitable liens on homesteads is limited to cases in which the homesteads were purchased with the fruits of fraudulent activity. See Palm Beach Sav. & Loan Ass'n, F.S.A. v. Fishbein, 619 So.2d 267 (Fla.1993) (equitable lien granted on homestead where funds used to extinguish mortgages on the homestead were obtained by fraud and forgery); Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925) (trustee entitled to equitable lien against homestead for amount of embezzled funds used to improve homestead).
The Havoco court specifically stated: "We have invoked equitable principles to reach beyond the literal language of the exceptions only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead." Id. at 1028. In Havoco, the funds used to purchase the homestead were not obtained through fraud. Notwithstanding that the Willises fraudulently diverted the proceeds of the sale of the Ocean One property to their own personal accounts, this is not the "fraud or egregious conduct" that the supreme court indicated could give rise to an equitable lien on homestead property. Red Reef did not provide the Willises with the funds that were used to pay off the mortgage on their homestead. Red Reef's claim instead arose on a breach of lease action against Ocean One that resulted in a damages award over three years after the fraudulent transfer. The Willises did not fraudulently obtain funds from Red Reef to extinguish the mortgage on their homestead. In essence, non-exempt assets may be converted into an exempt homestead even if this is done with an actual intent to hinder, delay, or defraud creditors. Therefore, the trial court erred in imposing an equitable lien/constructive trust on the Willises' homestead property.
Red Reef's cross-appeal raises several alleged defects in the final judgment of April 21, 2004. On remand, the trial court should calculate the prejudgment interest due Red Reef on the damages awarded in the final judgment. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Further, the final judgment should provide that the damages accrue post-judgment interest as set forth in section 55.03, Florida Statutes. While case law *685 does not require the traditional language "for which let execution issue," see Friedman v. Friedman, 825 So.2d 1010 (Fla. 4th DCA 2002), as a practical matter, including the same will eliminate any issue in that regard should Red Reef apply for a writ of execution from the clerk of court. We find no merit to Red Reef's remaining points on appeal.
Affirmed in part, reversed in part, and remanded with directions.
KLEIN and MAY, JJ., concur.