[Civil No. 4196.   Filed April 22, 1940.]

[101 Pac. (2d) 455.]

E. D. TWAY, Appellant, v. BEULAH PAYNE and JOHN H. BOATMAN, as Administrator With the Will Annexed of the Estate of WILLIAM R. PAYNE, Deceased, Appellees.

344

Messrs. Clark & Clark, for Appellant.

Mr. Lynn M. Laney and Mr. Grant Laney, for Appellees.

LOCKWOOD, J.—This is an action by John H. Boatman, as administrator with the will annexed of the estate of William R. Payne, deceased, and Beulah Payne, hereinafter called plaintiffs, to quiet title to certain property set forth therein, as against E. D. Tway, hereinafter called defendant. The complaint sets up that William R. Payne died testate, leaving surviving him as his only heir and sole beneficiary his wife, the plaintiff Beulah Payne. It then alleges that the property involved therein was acquired by deceased and Beulah Payne during their marriage to each other and was community property, and that defendant makes a claim to the premises adverse to plaintiffs, based upon a judgment recovered by defendant against deceased upon a separate and not a community liability of the latter.

Defendant demurred to the complaint, and then set up in bar that the action was a collateral attack upon a judgment which had become *res adjudicata,* and answered admitting the recovery of the judgment and that he claimed a lien by virtue thereof. The demurrer was overruled and the case was tried before the court sitting without a jury, and evidence being taken and the court being fully advised, judgment was

rendered in favor of plaintiffs, whereupon this appeal was taken.

■ There are a number of procedural points raised by both parties, but we think there are only two questions requiring our consideration. The only evidence brought up was the judgment roll in the action between defendant and the deceased above mentioned, though the record shows a number of witnesses testified. We must assume, therefore, that so far as the facts are concerned, and are not contradicted by the judgment roll aforesaid, they support plaintiffs' theory of the case.

It appears, therefore, that defendant during the lifetime of deceased recovered a judgment against him on a separate indebtedness, which judgment was duly docketed and recorded as provided by sections 2014–2016, Revised Code 1928; that the real property involved in this action was, at the time of the recovery of the judgment and its docketing and recording as above set forth, the community property of plaintiff Beulah Payne and deceased, and that deceased died within five years after the docketing of said judgment. The question before us then is whether, under our law, the judgment was a lien upon the real estate involved.

■ It is the law of Arizona that community property is not subject to the separate debts of either spouse. *Cosper* v. *Valley Bank,* 28 Ariz. 373, 237 Pac. 175. When, therefore, the judgment obtained by defendant was docketed, it did not become a lien on the real estate involved herein. We have also held that after a community is dissolved by death, the interest of the deceased spouse becomes liable for his separate debts. *Jackson* v. *Griffin,* 39 Ariz. 183, 4 Pac. (2d) 900. The question then is whether the lien of the judgment, which under the law did not attach to the property during the lifetime of the judgment debtor, does attach upon and after his death.

██ Judgment liens are creatures of the statute, and are governed by its terms. Section 2017, Revised Code 1928, as amended by section 4, chapter 41, regular session laws of 1935, reads so far as material as follows:

"*Lien Of Judgment; Not To Affect Declaration Of Homestead; Discharge And Release Of Lien Of Judgment.* From and after the time of recording, as provided in Section 2014, as amended, a judgment shall become a lien for a period of five years from the date of its rendition upon all the real property *of the judgment debtor,* except such as is or may be exempt from execution, including the interest in the homestead, in the county where the same is recorded, whether the said property is then owned by said judgment debtor or *is later acquired; . . .* " (Italics ours.)

It is admitted by defendant that no lien attached to the realty during the existence of the marriage relation, but it is contended that the phrase "is later acquired" refers, among other things, to the separate interest of a spouse in the community after his death.

It is the position of plaintiffs that a man cannot possibly acquire anything after his death, and that his share of the community property at the instant of his death becomes the property of his heirs, subject to the community and separate debts, but that these debts can only be enforced against it as ordinary claims and cannot, under any circumstances, constitute a lien on the property itself.

No cases have been cited to us by either party which precisely meet the factual situation. That which comes nearest to it is *Garrison* v. *Carl,* 64 Okl. 14, 166 Pac. 152. While that case involved the effect of a lien upon a homestead, under a statute somewhat different from our lien statute, it points out that at the death of the owner of exempt property it no longer belongs to him, but to his estate. We are of the opinion that this reasoning is sound and applies to an interest in

community property. When deceased passed away, his interest in the community, which during his lifetime was exempt from the lien of the judgment, was not "later acquired by him," for a dead man can acquire nothing. It was acquired by his heirs subject, of course, first to its share of the community debts, and second to his separate obligations. Defendant, under our decisions, could have presented and proved his claim against the estate in the same manner as any other creditor, but he did not and could not have a lien on any specific property, because a reasonable interpretation of the language of our statute does not give it.

The judgment of the superior court is affirmed.

ROSS, C. J., and McALISTER, J., concur.