531 P.2d 33

### ARIZONA FARMERS PRODUCTION CREDIT ASSOCIATION, Appellant,

v.

### STEWART TITLE AND TRUST OF TUC-SON, an Arizona Corporation, as Trustee under Trust #0663, Harold D. Adamson, Jr. and Sally S. Adamson, his wife, and Larry R. Adamson and Florence A. Adamson, his wife, Appellees.

### No. I CA-CIV 2564.

Court of Appeals of Arizona,
Division 1,
Department B.
May 13, 1975.

**6**

County Superior Court against the Combs & Clegg Ranches, Inc., and certain individuals. The complaint filed by the appellant in that case contained three counts. Counts One and Two alleged that the Combses and Cleggs were indebted to the appellant. Count Three alleged that the S & D Cattle Company, Inc., had an interest in certain cattle and feed subordinate to the interest of the appellant in the same property. However, the "judgment" signed by the court commissioner made no disposition relative to Count Three of the complaint. With regard to judgments involving multiple claims or parties under Rule 54(b), Rules of Civil Procedure, 16 A.R.S., the "judgment" contained no direction for the entry of final judgment upon the express determination that there was no just reason for delay. Thereafter, appellant recorded a transcript of the "judgment" in Navajo County where the Cleggs owned certain real property. The Cleggs subsequently transferred this property to the appellees herein.

In March 1973, appellant filed this action to foreclose its "judgment lien" upon the Navajo County property. The appellees moved to dismiss the complaint, contending that appellant's prior "judgment" was not final and not entitled to recordation. The trial court granted the motion to dismiss and this appeal followed.

Shultz & Worischeck, P.A. by Joseph H. Worischeck, Phoenix, for appellant.

Jennings, Strouss & Salmon by Gary G. Keltner, Phoenix, for appellees.

OPINION

EUBANK, Judge.

This appeal presents only one question: whether a "judgment" which does not dispose of all the claims against all the parties, and does not contain a Rule 54(b) determination, can be recorded and become a lien upon real property.

In March 1971, the appellant, Arizona Farmers Production Credit Association, obtained a default judgment in Maricopa

Appellant does not dispute the fact that in the absence of a Rule 54(b) determination the 1971 decree is not a final judgment for purposes of appeal. Rule 54(b) provides:

"*Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judg-

ment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Appellant contends, however, that the "judgment" is sufficient in form to support execution upon the Navajo County property, and that it is not subject to collateral attack by one not a party to the original litigation. We disagree.

A.R.S. § 33–964 provides that after recording, "a judgment shall become a lien for a period of five years from the date it is given, upon all real property of the judgment debtor . . . in the county where the judgment is recorded." A.R.S. § 12–1551 provides that a party "in whose favor a judgment is given may, at any time within five years after the entry of judgment, have a writ of execution issued for its enforcement." Although these statutes provide for the creation and enforcement of judgment liens, neither defines the term *judgment*. Indeed, each presupposes the existence of a valid judgment. Rule 54(a), Rules of Civil Procedure, 16 A.R.S., however, does define the term. It provides that *judgment* as used in the Rules "includes a decree and an order from which an appeal lies." In the absence of any other statutory authority, we must conclude that the term *judgment* as used in the statutes takes its meaning from the definition set forth in the Rules of Civil Procedure. *See* State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964).

In the instant case, the "judgment" which the appellant recorded and sought to enforce was not a judgment within the meaning of Rule 54(a). It did not dispose of the claim contained in Count Three of appellant's complaint and, in the absence of

the determination and direction required by Rule 54(b), it was merely an "order or other form of decision . . . subject to revision . . . before the entry of judgment." Clearly, the recording of an interlocutory adjudication of a single claim will not give rise to a judgment lien under A.R.S. § 33–964. Consequently, the trial court properly dismissed appellant's action to foreclose a "judgment lien".

The judgment is affirmed.

HAIRE, C. J., and JACOBSON, P. J., concur.