**In re Carl R. COLEMAN, a/k/a**
**C. Randolph Coleman, a/k/a**
**Randy Coleman, Debtor.**

**Charles GRANT, Trustee, Plaintiff,**

**v.**

**Paul A. LOUIS and Bethany B.**
**Coleman, Defendants.**

**Bankruptcy No. 91–6155–BKC–3F7.**
**Adv. No. 93–255.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 11, 1995.

Paul Louis, Miami, Florida, for Defendants.

Anne Payne, Jacksonville, Florida, for Plaintiff.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

JERRY A. FUNK, Bankruptcy Judge.

This proceeding is before the Court upon a Motion for Summary Judgment (Doc. No. 25) and supporting Memorandum of Law filed by Plaintiff and a Motion for Summary Judgment (Doc. No. 31) and Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment (Doc. No. 30) filed by Defendants.

### FINDINGS OF FACT

Defendant, Bethany B. Coleman, is the former spouse of the Debtor, Carl R. Coleman. A Final Judgment of Dissolution of Marriage was entered on July 9, 1990 and recorded in the Public Records of Columbia County, Florida on July 9, 1991 at Book 0748, Pages 0161 through 0169. Defendant, Paul Louis is an attorney who represented Defendant, Bethany B. Coleman in the dissolution proceeding. Among other marital issues, the Final Judgment of Dissolution of Marriage awarded attorney's fees to Bethany Coleman. Paragraph VI of the Final Judgment of Dissolution of Marriage stated:

VI. Attorney's Fees

The next issue to be decided is the husband's liability for an amount of the wife's attorney's fees. The Court finds that the husband shall be responsible for a reasonable attorney's fee for the wife's attorney.

\*     \*     \*     \*     \*     \*

However, based upon the ability of the husband to pay, and on the generalized formula set in *Travieso v. Travieso, supra,* the Court hereby orders the husband to pay to the wife's attorney the sum of $40,-000.

This sum shall be paid in quarterly installments of $2,500 each, the first installment being due September 15, 1990.

The Final Judgment of Dissolution of Marriage was the subject of a plenary appeal to the District Court of Appeal, Third District,

and was affirmed on or about November 14, 1991.

The Debtor filed a petition in bankruptcy on November 22, 1991. In a separate adversary proceeding, *Paul A. Louis v. Carl R. Coleman*, Adversary No. 92–204, the Court determined that all attorney's fees assessed against the Debtor in the dissolution proceeding survived the bankruptcy discharge, pursuant to the provisions of 11 U.S.C. § 523(a)(5).

The Chapter 7 Trustee of the Debtor's Bankruptcy Estate has now filed this adversary to determine the validity, extent or priority of an asserted lien against property of the estate. Defendants' assert that the recorded Final Judgment of Dissolution of Marriage is a lien on real property of the Debtor in Columbia County, pursuant to Fla. Stat. § 55.10. The Trustee maintains that no such lien exists and that all of the Debtor's interest in the real property is available to the estate, and that the Trustee is entitled to sell the property free of the asserted lien under 11 U.S.C. § 363(f)(4).

The sole issue presented for determination in both the Plaintiff's and Defendants' Motions for Summary Judgment is whether the $40,000 attorney's fee award is a judgment lien under Fla.Stat. § 55.10.

## CONCLUSIONS OF LAW

■ Florida Statute, Section 55.10 is the general lien statute for the state of Florida. It provides:

> (1) A judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, and it shall be a lien for a period of 7 years from the date of the recording. . . .

It is axiomatic that a judgment must be a "final" judgment for it to create a lien under a general lien statute. Execution is not permitted on judgments that do not determine with finality the rights and liabilities of the parties. *Shakarian v. Daum*, 561 So.2d 1222, 1223 (Fla. 2d DCA 1990). An interlocutory or declaratory judgment would not be final in the sense needed to create a lien on real property. "A final judgment is one that determines the rights of the parties and disposes of the cause on its merits leaving nothing more to be done other than to enforce the judgment." *Donaldson Eng'g, Inc. v. Plantation*, 326 So.2d 209, 210 (Fla. 4th DCA 1976). The fact that a document is entitled "Final Judgment" does not conclusively establish that it is, indeed, a final judgment. *Chipola Nurseries, Inc. v. Division of Admin., State Dep't of Transp.*, 335 So.2d 617, 618 (Fla. 1st DCA 1976). "An order is not final where a question remains open for judicial determination." *In re Walsh (Ewers v. Walsh)*, 123 B.R. 925, 928 (Bankr.M.D.Fla. 1991) (Corcoran, J.).

■ Some courts in this circuit have decided that so-called "magic" words, such as "for which let execution issue" are not required to make a judgment final. *Walsh, supra* at 928 (holding that failure to include the "magic" language of standard form books is not fatal to a determination that an order is a final judgment.) *DuBreuil v. Regnvall*, 527 So.2d 249 (Fla. 3rd DCA 1988) (explaining that execution of a judgment should not depend on the judgment containing the "archaic"— but customary—words "for which let execution issue"). *Chan v. Brunswick Corp.*, 388 So.2d 274 (Fla. 4th DCA 1980) (holding that words "for which let execution issue" are not essential to finality of judgment). *Haines City v. Allen*, 549 So.2d 678 (Fla. 2d DCA 1989) (stating that language is not essential to final judgment). Plaintiff and Defendants, in their Memorandums submitted to the Court, agree that "magic" words are not necessary to create a final judgment. Although not dispositive of the case at bar, this Court would not so easily dismiss the importance of having the form language in an order, indicating to the reader that it is intended to be a final judgment. The Final Judgment of Dissolution of Marriage at issue in this case did not contain any language resembling the "for which let execution issue" which is customary, in the section awarding attorney's fees to the Defendants. The Court will not determine the finality of the judgment at issue on this basis alone, but believes that it is noteworthy.

This main issue for determination can be distilled even further to, whether or not the Final Judgment of Dissolution of Marriage was a final judgment as to the attorney's fees awarded in it, so that it could create a lien on real property, once recorded. Although there are a multitude of cases regarding the determination of final judgments, it appears to be a novel question of law in this state and circuit, as to whether a final judgment of dissolution is a final judgment as to the attorney's fees awarded therein. In *Snoddy v. NCNB Nat'l Bank*, 575 So.2d 231 (Fla. 4th DCA 1991), the Court held that an order awarding attorney's fees did not create a judgment lien, because the order was a non-recordable instrument. However, in its one paragraph opinion, the Court did not explain why it was a nonrecordable instrument, merely citing Fla.Stat. §§ 55.10 and 28.29 [1]. Therefore, this case provided little guidance for the issue at hand.

Other courts across the country have dealt with judgment liens created by final judgments of dissolution. In *Dunn v. Thompson*, 174 Ill.App.3d 944, 124 Ill.Dec. 477, 529 N.E.2d 297 (1988), the court held that a final judgment of dissolution did not create a judgment lien for purposes of a lump sum property settlement awarded in it. The wife had been awarded $30,000 as a property settlement upon dissolution of her marriage. When her former husband did not fulfill his obligation, she attempted to foreclose upon real property owned by her former husband, on the basis that a judgment lien had been created under the Illinois general lien statute, when the final judgment of dissolution was recorded. The court stated that there are two qualifications a judgment must possess in order to create a lien: (1) it must be final, valid, and for a definite amount of money; and (2) it must be such a judgment that execution may issue thereon. The court held that the dissolution order could not be classified as a judgment for purposes of the judgment lien provisions, stating that "without a judgment specifically evidencing a monetary obligation, there is no judgment for purposes of the judgment lien statute." *Id.* at 479, 529 N.E.2d at 299. The court noted

that the finality of the dissolution judgment was questionable, as it had already been modified once to extend the payment deadline for the property settlement. Additionally, the dissolution judgment itself made no mention of the creation of a lien.

A similar issue was also addressed in *Bryan v. Nelson*, 180 Ariz. 366, 884 P.2d 252 (1994), in which the court held that a decree of dissolution did not create a lien under the Arizona general lien statute. The former husband had been awarded the marital home, and the former wife was awarded the sum of $20,000 from the proceeds of the sale of the home. When the former husband defaulted on the mortgage, the bank moved to foreclose. The former wife of the defendant brought a declaratory action to establish that her dissolution decree made her holder of a first lien against the home. The court held that "absent specific language creating an equitable lien, a divorce decree that orders the payment of money at some future time is not conclusive enough to support a general lien under [the Arizona general lien statute.]" *Id.* at 255. The court reiterated that "divorce decrees ordering future payments ... do not qualify as final, conclusive judgments for purposes of creating a judgment lien." *Id.*

Additionally, in *Uhrich v. Uhrich*, 173 Ind. App. 133, 362 N.E.2d 1163 (1977), the court refused to find that a divorce judgment created a judgment lien for unpaid alimony. The former wife sought to have the unpaid balance of alimony declared a lien on her former husband's real estate. The court stated that while the alimony judgment was for a gross sum, it was not then due and payable and subject to execution, because it was to be paid in monthly payments. Therefore, it did not create a judgment lien under the general lien statute of Indiana.

■■■ Although all of these cases dealt with judgment liens in the realm of support payments, and not the awarding of attorney's fees in divorce, the Court feels that these cases are analogous to the case at bar. A Final Judgment of Dissolution of Marriage is final as to the marriage it is dissolving, but it

---

**1.** Florida Statute § 28.29 provides in pertinent part: "Orders of dismissal and final judgments of

the courts in civil actions shall be recorded in official records...."

is not a "final judgment" as to anything else. Alimony and child support are inherently modifiable, so they are not "final" in the sense that they could support a lien. In the instant case, a sum certain of attorney's fees was awarded to Defendant Coleman. That sum is not modifiable. However, the attorney's fees are analogous to a property settlement awarded in a dissolution decree. The purpose of the property settlement in Florida is to "equitably distribute" the couple's property acquired during the marriage. The amount of the property settlement is not modifiable. Nevertheless, as in *Dunn v. Thompson, supra* at 477, 529 N.E.2d at 297, where the court found that a lump sum property settlement awarded in a divorce decree could not support a general lien, this Court does not believe that the dissolution decree can create a lien under the Florida general lien statute. Similarly, in *Bryan v. Nelson, supra* at 252, one spouse had been awarded a lump sum of $20,000 from the proceeds of the sale of the marital home. The court found that this did not create a lien under the general lien statute of that state. In both of these cases, the award was a sum certain that was not modifiable as to amount, but in both cases the respective courts found that the dissolution decree did not create a lien for these awards.

██ In the instant case, the award of $40,000 in attorney's fees was payable in quarterly installments of $2,500, meaning over a period of four years. The Final Judgment of Dissolution of Marriage did not expressly create any lien on any real property of the Debtor. This Court agrees with the court in *Bryan v. Nelson, supra* at 255 that "divorce decrees ordering future payments ... do not qualify as final, conclusive judgments for purposes of creating a judgment lien."

██ Unlike a final monetary judgment, where a debt is already owed, and the Court simply orders judgment and execution on the debt, the attorney's fees were not owed until they were awarded in the Final Judgment of Dissolution of Marriage. There was no debt until it was created by the Final Judgment. Once the debt was created, and once the Debtor defaulted on the quarterly payment

obligation, Defendants could have gone back to court to obtain a final executable monetary judgment, that once recorded, would have created a lien on the real property of the Debtor. The Defendants did not obtain such a judgment, and this Court does not believe that the decree of dissolution of marriage was a final judgment that could create a lien on real property pursuant to Fla.Stat. § 55.10. The Final Judgment of Dissolution of Marriage created the debt; it did not order execution on the debt, nor did it create a lien to collateralize the debt.

Accordingly, the Plaintiff's Motion for Summary Judgment will be granted, and the Defendants' Motion for Summary Judgment will be denied. A separate final judgment will be entered in accordance with the foregoing.