330 P.3d 354

**SYSCO ARIZONA, INC., Appellant,**

v.

**Charles HOSKINS, Maricopa County Treasurer, JP Morgan Chase Bank; PNC Equipment Finance, LLC; Colley Construction, LLC, Appellees.**

**No. 1 CA–CV 13–0487.**

Court of Appeals of Arizona,
Division 1.

June 10, 2014.

Molever Conelly PLLC, Scottsdale By Loren Molever and Samuel J. Doncaster, for Appellant.

Poli & Ball PLC, Phoenix By Jeffrey Messing, for Appellee, JP Morgan Chase Bank.

DeConcini McDonald Yetwin & Lacy PC, Tucson By Steven J. Itkin and Sesaly O. Stamps, for Appellee, PNC Equipment.

Engelman Berger PC, Phoenix By Scott W. Hulbert and Scott B. Cohen, for Appellee, Colley Construction, LLC.

Judge ANDREW W. GOULD delivered the opinion of the Court, in which Presiding Judge LAWRENCE F. WINTHROP and Judge MAURICE PORTLEY joined.

## OPINION

GOULD, Judge.

¶ 1 Sysco Arizona, Inc. ("Sysco") appeals from the trial court's award of excess proceeds following a trustee's sale to JP Morgan Chase Bank ("Chase"), PNC Equipment ("PNC"), and Colley Construction, LLC ("Colley"). Sysco argues the trial court erred when it concluded the unsigned minute entry recorded by Sysco did not constitute a judgment lien under Arizona Revised Statutes ("A.R.S.") section 33–961. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 This appeal addresses the statutory requirements for obtaining a judgment lien under A.R.S. § 33–961. This case arises from a trustee's sale that yielded $286,177.44 in excess proceeds. Pursuant to A.R.S. § 33–812(C) and (D), the trustee deposited the excess proceeds with the county treasurer and filed a complaint informing all junior lien holders of the excess proceeds. Sysco, Chase, Colley, and PNC, all claiming to have judgment liens on the property, applied for the excess proceeds.

¶ 3 Sysco appeals from the trial court's order denying its claim for excess proceeds following the trustee's sale. To obtain its judgment lien, Sysco had recorded a certified copy of an unsigned minute entry awarding Sysco judgment in the amount of $398,598.00 with interest at the rate of 18%. The minute entry referenced "the formal written Proposed Order of Judgment signed by the Court on May 25, 2010 and filed (entered) by the clerk on June 1, 2010." Sysco also filed the required information statement. A.R.S. § 33–967.

¶ 4 After hearing argument on the order of the parties' lien priority, the court concluded that Sysco did not have a valid judgment lien because it had recorded an unsigned minute entry, not a judgment. As a result, Chase's judgment lien moved to first priority, PNC's was placed second, Colley's was placed third, and Sysco was placed fourth. Based on the determination of lien priority, the court entered judgment awarding $94,247.64 to Chase, $32,755.04 to PNC, and the remaining $156,557.04 to Colley, leaving no funds for Sysco. Sysco timely appealed.

## DISCUSSION

¶ 5 The only issue on appeal is whether the unsigned minute entry Sysco recorded is a "judgment" pursuant to the judgment lien statutes. We review the trial court's interpretation of the judgment lien statutes de novo. See In re Estate of Jung, 210 Ariz. 202, 204, ¶ 11, 109 P.3d 97, 99 (App.2005).

¶ 6 A judgment lien gives the judgment creditor the right to levy on the debtor's property in order to satisfy a judgment. Freeman v. Wintroath Pumps–Div. of Worthington Corp., 13 Ariz.App. 182, 184, 475 P.2d 274, 276 (1970). If the debtor sells the property, the property remains subject to the judgment lien until it is legally removed; any subsequent purchaser with actual or constructive notice takes the property subject to the lien. Id. The priority of a judgment lien as against other lienholders is generally determined by the date of its recordation. In re Farnsworth, 384 B.R. 842, 848 (Bankr. D.Ariz.2008).

¶ 7 To perfect a judgment lien, a party must "file[ ] and record[ ]" a certified copy of the judgment in the office of the county recorder in each county where the party desires the judgment to become a lien. A.R.S. § 33–961. The judgment itself must set forth certain information. See A.R.S. § 33–961(A)(1–5). Additionally, if the judgment requires payment of money, it must be accompanied by an information statement in accordance with A.R.S § 33–967. A.R.S. § 33–961(C). Once the judgment is recorded, it becomes a lien on the property. A.R.S. § 33–964.

¶ 8 "Judgment liens do not exist at common law, they exist only by statute." Bryan v. Nelson, 180 Ariz. 366, 368, 884 P.2d 252, 254 (App.1994) (citing Tway v. Payne, 55 Ariz. 343, 346, 101 P.2d 455, 456 (1940)). As a result, strict compliance with the statutory requirements is necessary to perfect a valid judgment lien. Nationwide Mut. Ins. Co. v. Ariz. Health Care Cost Containment Sys.,

166 Ariz. 514, 517, 803 P.2d 925, 928 (App. 1990) ("Although Arizona lien statutes are remedial and are to be liberally construed, their provisions must be strictly followed.").

¶ 9 We look to the Arizona Rules of Civil Procedure in determining the meaning of the term "judgment" as used in the judgment lien statutes. *Ariz. Farmers Prod. Credit Ass'n v. Stewart Title & Trust of Tucson,* 24 Ariz.App. 5, 7, 535 P.2d 33, 35 (1975) ("In the absence of any other statutory authority, we must conclude that the term Judgment as used in the statutes takes its meaning from the definition set forth in the Rules of Civil Procedure."); *see also Focal Point, Inc. v. Court of Appeals of State of Ariz., Div. One,* 149 Ariz. 128, 129–30, 717 P.2d 432, 433–34 (1986) (stating that minute entry that satisfied all requirements of Rule 58(a) is a judgment creating a valid judgment lien).

¶ 10 Only a final judgment can create a valid judgment lien. *Bryan,* 180 Ariz. at 369, 884 P.2d at 255 ("To create a lien under the general judgment lien statute, a judgment 'must be final and conclusive.' "), citing *McClanahan v. Hawkins,* 90 Ariz. 139, 141–42, 367 P.2d 196, 197 (1961); *Ariz. Farmers,* 24 Ariz.App. at 7, 535 P.2d at 35 (stating that a judgment lien presupposes the existence of a valid judgment). An unsigned minute entry is not a final judgment. Ariz. R. Civ. P. 58(a) ("[A]ll judgments shall be in writing and signed by a judge...."); Ariz. R. Civ. P. 54(a) (" 'Judgment' as used in these Rules includes a decree and an order from which an appeal lies."); *Lamb v. Superior Court,* 127 Ariz. 400, 403, 621 P.2d 906, 910 (1980) (stating that a "minute entry ... lacks the legal effect of a formal judgment, decree or order, since it is not signed by the court"). Therefore, recording an unsigned minute entry does not create a valid judgment lien. *See also Ariz. Farmers,* 24 Ariz. App. at 7, 535 P.2d at 35 (stating that a judgment that does not dispose of all claims and does not contain Rule 54(b) language will not create a valid judgment lien).

¶ 11 Here, Sysco did not record a signed judgment, or even a signed minute entry. Accordingly, the unsigned minute entry Sysco recorded is not a final judgment creating a valid judgment lien.[1] *See Willoughby v. King,* 21 Ariz.App. 589, 593, 522 P.2d 54, 58 (1974) (stating that there is no lien until a determinative judgment has been entered and recorded in accordance with the judgment lien statutes).

## CONCLUSION

¶ 12 For the reasons discussed above, the judgment of the trial court is affirmed.

---

1. Because A.R.S. § 33–961 clearly requires the filing of a final, signed judgment, we need not and expressly do not address Sysco's policy arguments as to why the filing of unsigned minute entries should be permitted under the statute.