NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SONJA ANN BERRY, *Petitioner/Appellee,*

*v.*

TERRY B. DECKER, *Respondent/Appellant.*

No. CA-CV 14-0368 FC
FILED 10-15-15

Appeal from the Superior Court in Maricopa County
No. DR1999-014781
The Honorable James T. Blomo, Judge

**APPEAL DISMISSED**

COUNSEL

Terry B. Decker, Mesa
*Respondent/Appellant*

Sonja Berry, Gilbert
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

¶1          Terry Decker ("Father") appeals the family court's order denying his motion to correct the factual findings of a 2011 minute entry. For the following reasons, we dismiss the appeal.

**FACTS AND PROCEDURAL HISTORY**

¶2          Father and Sonja Ann Berry ("Mother") divorced in 2001. Mother was awarded sole custody of their two children. In 2009, the court appointed a therapeutic interventionist ("TI") and gave the TI the authority to arrange psychological examinations for the children.[1]

¶3          The TI set up medical testing for the younger child at the Melmed Center ("the Center") in 2011. Mother objected to testing at the Center and, instead, arranged for the child to be tested by a child psychologist. The TI sent a report to the court, and the court issued a minute entry stating the child shall attend the testing sessions scheduled by the TI. In its findings, the court stated that before the TI had made any testing arrangements, the TI "sought to determine if testing had been arranged by the [parents]" and "learned that it had not." Neither parent objected to the ruling or its findings.

¶4          Three years later, Father filed a "motion to correct" the 2011 minute entry, alleging he had indeed scheduled the testing by "bifurcating the various parts of the Melmed tests in lieu of doing all test phases without interruption." Father argued the minute entry "could reflect poorly and incorrectly upon [him] in any future reference[s]" to the minute entry. The court denied the motion, stating Father "waited almost three years" to file the motion. Father appealed the court's denial of his motion to correct.

---

[1] The court reappointed the TI in 2010.

## DISCUSSION

**¶5**      We have an independent duty to determine if we have jurisdiction over an appeal. *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). Unless a constitutional or statutory provision makes a judgment or order appealable, we "do not have jurisdiction to consider the merits of the question raised on appeal." *Id.* (citation omitted). Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2) allows appeals from "any special order made after final judgment."[2] However, "not every order following a final judgment is appealable." *Arvizu v. Fernandez*, 183 Ariz. 224, 226, 902 P.2d 830, 832 (App. 1995) (citation omitted).

**¶6**      To be appealable, a post-judgment order must meet two requirements. *Williams v. Williams,* 228 Ariz. 160, 164, ¶ 11, 264 P.3d 870, 874 (App. 2011). First, the order must raise different issues from those that would arise in an appeal from the underlying judgment. *Id.* And the order must either affect the judgment or relate to it by enforcing or staying its execution. *Arvizu*, 183 Ariz. at 833, 902 P.2d at 227.

**¶7**      Even if we assume for argument the 2011 minute entry was a final judgment,[3] the denial of Father's motion to correct the record in 2014 is not appealable. First, Father did not challenge the findings or substance of the 2011 ruling, and now seeks to challenge the findings. His appeal of the 2014 ruling, as a result, does not raise any issue that could not have been raised in an appeal from the 2011 order. *See Engel v. Landman*, 221 Ariz. 504, 510, ¶ 20, 212 P.3d 842, 848 (App. 2009).

**¶8**      Moreover, the 2014 ruling does not affect the decree that gave rise to the 2011 ruling. *Arvizu*, 183 Ariz. at 227, 902 P.2d at 833 ("[A] postjudgment order that does not affect the judgment or relate to its enforcement [is] not appealable." (alteration in original) (quoting *Lakin v. Watkins Associated Indus.*, 863 P.2d 179, 183 (Cal. 1995))). In fact, the issue giving rise to the 2011 ruling is now moot; the child was tested in 2011 and the TI was relieved of her duties in 2013. As a result, the mootness doctrine prevents us from deciding an issue that is "no longer in existence because of changes in the factual circumstances." *Flores v. Cooper Tire & Rubber Co.*, 218 Ariz. 52, 57, ¶ 24, 178 P.3d 1176, 1181 (App. 2008) (internal citation and

---

[2] We cite to the current version of the statute unless otherwise noted.

[3] The minute entry was not signed and "[a]n unsigned minute entry is not a final judgment." *Sysco Ariz., Inc. v. Hoskins*, 235 Ariz. 164, 166, ¶ 10, 330 P.3d 354, 356 (App. 2014); *see* Ariz. R. Fam. Law P. 81 ("All judgments shall be in writing and signed by a judge . . .").

quotation marks omitted).  Consequently, the 2014 ruling does not meet the requirements to be an appealable post-judgment order.

## COSTS

**¶9**          Father seeks costs on appeal.  Because he did not prevail, his request is denied.  *See* A.R.S. § 12-341.

## CONCLUSION

**¶10**          Because the denial of Father's motion to correct the minute entry is a non-appealable post-judgment order, we dismiss the appeal for lack of jurisdiction.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : jt